[831 NYS2d 534]

In the Matter of JOHN G. GIORDANELLA, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, March 13, 2007

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Colette M. Landers* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order on motion of this Court dated June 2, 2006, that branch of the motion of the Grievance Committee for the Second and Eleventh Judicial Districts (hereinafter the Grievance Committee) which was to suspend the respondent upon a finding that he is guilty of professional misconduct immediately threatening the public interest by reason of his failure to cooperate was denied on condition that the respondent submit all available records requested by the Grievance Committee within 30 days after service upon him of a copy of the Court's decision and order. The remainder of the Grievance Committee's motion was granted to the extent that the Grievance Committee was directed to institute and prosecute a disciplinary proceeding against the respondent based upon a petition dated December 29, 2005, the respondent was directed to submit an answer to the petition within 10 days, and the issues raised were referred to the Honorable Francis X. Egitto, as Special Referee to hear and report.

The Grievance Committee moved to impose discipline based upon the respondent's failure to file an answer to the petition within 10 days and to deem the charge, as set forth in the petition, to be established. The decision and order on motion of this Court dated June 2, 2006, was personally served on the respondent on June 9, 2006. The petition contains one charge against the respondent predicated upon his failure to cooperate with the Grievance Committee's legitimate investigations into complaints of professional misconduct.

The respondent failed to serve or file an answer to the petition in the time permitted.

By decision and order on motion dated November 9, 2006, this Court denied the Grievance Committee's motion to impose discipline upon the respondent based upon his failing to file an answer to the petition on condition that he submit to the Court, and serve upon the Grievance Committee, an answer to the petition within 30 days after service of a copy of that decision and order on motion upon him. That order was personally served upon the respondent by the Grievance Committee on November 14, 2006. The respondent failed to answer within the specified time period. The Grievance Committee reported that failure to this Court by letter dated December 15, 2006.

The respondent submitted copies of his affirmation in response to petitions on the afternoon of December 15, 2006. This belated submission does not constitute an answer to the petition, which the Court had directed the respondent to file. Instead, it is a compilation of responses to individual complaints which the respondent had been served with and directed to answer as early as January 10, 2006. This Court had directed the respondent to answer all pending complaints and to submit all available records requested by the Grievance Committee within 30 days after service upon him of a copy of the decision and order on motion dated June 2, 2006.

The respondent has failed to comply with any of the Court's orders. In light of this continuing pattern of noncompliance, the respondent is found to be in default, the charge against him is deemed admitted, and he is disbarred upon his default. The hearing previously authorized by this Court before Special Referee Egitto pursuant to the decision and order on motion of this Court dated June 2, 2006, is discontinued in view of the respondent's disbarment.

PRUDENTI, P.J., H. MILLER, SCHMIDT, CRANE and RITTER, JJ., concur.

Ordered that the petitioner's motion to impose discipline upon the respondent, John G. Giordanella, upon his default is granted; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, John G. Giordanella, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, John G. Giordanella, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, John G. Giordanella, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, John G. Giordanella, has been issued a secure pass by the Office of Court Administration, it

shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).